# Schwehm's Estate.

*Decedents' estates — Family settlement — Trusts and trustees — Settlement of will contest—Executors and administrators.*

Where a daughter contests her father's will, and a settlement in the nature of a family settlement, is made between herself and her two brothers, who were also two of the three executors of the will, by which, in consideration of the withdrawal of the caveat, the daughter receives absolutely a portion of the estate in lieu of a separate use trust provided by the will, such settlement is void; but in setting it aside, the court will permit the daughter to renew her proceedings to contest the will, and to move for the vacation of its probate, distribution under the terms of the will to be stayed pending such proceedings.

Argued Jan. 23, 1919.   Appeal, No. 219, Jan. T., 1919, by Anna E. Schadewald, from decree of O. C. Philadelphia Co., Jan. T., 1918, No. 388, dismissing exceptions to adjudication in Estate of John M. Schwehm, deceased. Before BROWN, C. J., STEWART, FRAZER, WALLING and SIMPSON, JJ.   Affirmed and modified.

Exceptions to adjudication.   Before GUMMEY, J.

From the record it appeared that John M. Schwehm died leaving a will by which he gave his residuary estate to his two sons, Harry J. Schwehm and Ernest Schwehm, and his daughter, Anna E. Schadewald, in equal shares, but directed that the share of the daughter should be held on a separate use trust.   The two sons and Julius C. Levi were appointed executors.   The daughter contested the will.   After a large amount of testimony had been taken in the contest over the will, an agreement was made between the parties that, in consideration of the contestant withdrawing the caveat and stopping the proceedings, she should receive a certain portion of the residuary estate absolutely.   Julius C. Levi as an executor signed an approval of the settlement.   The auditing judge held that the settlement was void and directed distribution in accordance with the will.   Exceptions to the adjudication were dismissed by the court.   Anna E. Schadewald appealed.

*Errors assigned* were in dismissing exceptions to the adjudication.

*Francis C. Menamin* and *John Weaver*, for appellant. —The settlement should have been upheld: Conrad v. Conrad, 36 Pa. Superior Ct. 154; Henderson v. Bishop, 250 Pa. 484; Phillips v. Phillips, 8 Watts 195; Jourdan v. Jourdan, 9 S. & R. 268; Ralston's Est., 172 Pa. 104.

*Julius C. Levi*, for appellee, filed no printed brief.

1919.]                    Opinion of the Court.

PER CURIAM, April 21, 1919:

This appeal is dismissed because the family settlement, upon which the appellant relies, is void in so far as it attempts to create for her an estate different from the trust provided for her in the instrument admitted to probate as her father's will; but this is without prejudice to her right to renew her proceedings to contest his will and to move for the vacation of its probate, her objection to the probate having been withdrawn in pursuance of the said family agreement, and it is ordered that distribution in the court below be suspended for a period of ninety days, and as much longer as the appellant may reasonably require in the renewal of her proceedings to have the probate of the will vacated.

Appeal dismissed at the cost of the estate.